UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                                            No. 5:21-cr-24-BJB

MAURICUS S. HAYNES

MEMORANDUM OPINION & ORDER

Mauricus Haynes has asked the Court to transfer him from the Grayson County Detention Center to the Crittenden County Detention Center. Motion to Transfer (DN 68) at 1. The transfer would bring Haynes closer to Paducah, where Haynes's lawyer works and where Haynes is scheduled to stand trial on January 16, 2024. And a transfer would make it "much easier for counsel to confer" with him in advance of trial. *Id*. Haynes notes that the Crittenden County facility is approximately 100 miles closer to Paducah than the Grayson County facility and facilitates phone calls more easily. *Id*.

The motion does not identify any legal authority for this Court to order his transfer. Nor is the Court aware of any. Rather, Congress has assigned the U.S. Marshals Service the task of "provid[ing] for the safe-keeping of any person … held under authority of any enactment of Congress pending confinement to an institution." 18 U.S.C. § 4086. Federal regulations require the Director of the Marshals Service to "direct and supervise … custody of Federal prisoners from the time of their arrest … until the prisoner is committed" to the Attorney General's custody to serve his or her sentence, is released, or is returned to the U.S. Parole Commission or Bureau of Prisons. 28 C.F.R. § 0.111(k).

This Court lacks authority to grant Haynes the relief he seeks. "Courts have repeatedly recognized that this 'open-ended' grant of authority favors judicial deference to the USMS regarding placement of detainees." *United States v. Thomas*, No. 3:20-cr-51, 2022 WL 2315624, at *4 (D. Conn. June 28, 2022) (collecting cases and citing § 4086 and § 0.111(k)). Like other courts, this one "is not aware of any authority empowering it to supplant the discretion of the USMS in its selection of where to detain [a pretrial detainee]." *United States v. Boyce*, No. 21-cr-30003, 2023 WL 137823, at *1 (S.D. Ill. Jan. 9, 2023); *see also United States v. Sullivan*, No. 22-cr-127, 2022 WL 2374374, at *1 (N.D. Okla. June 30, 2022) ("Defendant has cited no

1

authority to support her request that the Court assume control of the conditions of her confinement.").

The Court nevertheless agrees with Haynes that a transfer to a facility nearer to the Paducah Courthouse seems to make sense from an efficiency perspective. And the U.S. Attorney—which like the U.S. Marshal is part of the Justice Department—does not oppose this request. Motion at 1; *see generally United States v. Rodriguez*, No. 3:09-cr-150, 2010 WL 1440124, at *1–2 (M.D. Tenn. Apr. 6, 2010). Given the support of at least some of the executive-branch officials involved in this case, as well as the apparent benefits of a transfer to facilitate the adjudication of this matter, the Court recommends that the U.S. Attorney and U.S. Marshal carefully consider the transfer requested by Haynes (or any similar relief that may be appropriate). Those officials may "presumably weig[h] administrative concerns regarding access to counsel, capacity, expense, services, and other crucial facts of which this Court should not review" in considering this request. *Thomas*, 2022 WL 2315624, at *5.

On that understanding, the Court denies Haynes's motion for a transfer (DN 68) based on Congress' assignment of this authority to the executive.

Benjamin Beaton, District Judge
United States District Court

December 7, 2023